UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chava Singer, individually and on behalf of all others similarly situated;<br><br>　　　　　　　　　　Plaintiff,<br><br><br><br>　-v.-<br>Forster & Garbus LLP<br>John Does 1-25<br><br>　　　　　　　　　　Defendant. | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chava Singer (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Forster & Garbus LLP (hereinafter "Defendant" or "F&G"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.   Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. §1692(e). After determining that the existing consumer protection laws ·were inadequate. Id §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, residing at 70 Twin Avenue #301, Spring Valley, New York 10977.

8. Forster & Garbus LLP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 60 Motor Parkway, Commack, NY 11725.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Forster & Garbus LLP sent a collection letter attempting to collect a consumer debt;

    c. that contained a different balance than the balance stated on the notice of judgment, with no explanation for the change in the balance given;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The Sub - Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Forster & Garbus LLP sent a collection letter attempting to collect a consumer debt;

    c. that incorrectly stated that post-judgment interest would accrue only on the principal balance;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the form attached as Exhibit A** violate 15 U.S.C. §§ l692e and 1692f.

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this Amended Class Action Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the form attached as Exhibit A** violate 15 U.S.C. § l692e and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

        members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to January 8, 2020, an obligation was allegedly incurred to Barclays Bank Delaware.

24. The Discover Bank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The alleged Discover Bank obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26. Discover Bank is a "creditor" as defined by 15 U.S.C. §1692a(4).

27.     Discover Bank or a subsequent owner of the Discover Bank debt contracted the Defendant to collect the alleged debt.

28.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – January 8, 2020 Collection Letter*

29.     On or about January 8, 2020, Defendant sent the Plaintiff a collection letter regarding collection of a state court judgment regarding the Discover Bank debt and stated a balance of $6,126.56, **See August 5, 2019 Collection Letter – Attached hereto as Exhibit A.**

30.     The letter states: "Unless satisfactory arrangements are made with this office to pay the full judgment balance, judgment enforcement proceedings may be instituted as provided by the New York Civil Practice Law and Rules Article 52, to secure payment thereof.
If interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater.  Post judgment interest accrues from the entered judgment date of 01/07/2020, on the principal balance of $5,886.56 at the statutory rate.  (CPLR Section 5004)."

31.     The Notice of Judgment issued by the Supreme Court of the State of New York, County of Rockland (Index No. 035849/2019) stated a total balance of $6,211.56.

32.     No explanation was given for the difference in amount between the stated amount on the notice of judgment regarding this judgment debt and the amount listed on the January 8, 2020 letter.

33. Plaintiff did not make any additional payments, nor to the the best of her knowledge were there any levies or garnishments on the judgment debt that would explain the different amount listed on the January 8, 2020 letter.

34. Furthermore, the letter misleads the Plaintiff by stating that arrangements must be made to pay the "full judgment balance" to avoid judgment enforcement proceedings yet the amount listed on Defendant's letter is not the full judgment balance.

35. Therefore, Plaintiff is confused and misled whether they must pay the full judgment balance ($6,211.56 according the the notice of judgment) or the lower amount stated on the Defendant's letter of $6,126.56 to avoid judgment enforcement proceedings.

36. Furthermore, the Defendant has failed to update the judgement amount docketed with the Court to reflect this lower amount.

37. A collection letter must clearly state the balance owed and the unexplained discrepancy between the full judgment amount and the amount listed in Defendant's letter makes it impossible the Plaintiff to know how much is owed and if the debt will be considered paid if the lower payment amount is made.

38. As such, Defendant was required to include an explanation to clarify the discrepancy of the balance to the consumer.

39. The Defendant failed to include any explanation for the change in the balance in its January 8, 2020 letter.

40. The Defendants failure to change the judgment amount only adds to the consumers confusion.

41. In addition, the Letter incorrectly states that post judgment interest only accrues on the principal balance of $5,886.56 and cites "CPLR Section 5004" as support.

42. However, under NY CPLR Section 5004, the rate of interest is calculated on the entire judgment balance and not only the principal balance.

43. Therefore, Defendant's letter is misleading and deceptive because it informs Plaintiff that post judgment interest would only be based on the principal balance while in fact the post judgment interest rate would be based on a larger amount, namely the entire judgment.

44. It is misleading and deceptive to inform Plaintiff that the post judgment interest is only being charged to the principal balance when in fact it is being charged on the entire judgment amount, because it misleads the Plaintiff into believing he is being charged a lower amount of interest than the true amount of interest actually being charged to him.

45. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendant violated said section 1692e;

    a. by omitting material information and stating false information creating a false and misleading representation of the status of the debt in violation of §1692e(10);

  b. by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

53. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

54. Defendant violated this section by omitting material information and stating false information that gave Plaintiff a false understanding of the amounts owed under the FDCPA.

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Chava Singer, individually and on behalf of all others similarly situated, demands judgment from Defendant Forster & Garbus LLP, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 7, 2021

*/s/ Raphael Deutsch*
By: Raphael Deutsch, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*