***ROBERT L. ARLEO, ESQ. P.C.***
1345 Avenue of the Americas
33rd Floor
New York, N.Y.  10105

Telephone: (212) 551-1115                                    Fax: (518) 751-1801
Email: robertarleo@gmail.com                          www.robertarleo.com


August 18, 2021

Honorable Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brient Jr.                   **MEMO ENDORSED**
Federal Building and U.S. Courthouse
300 Quaroppas Street
White Plains, New York   10601


Re: Singer v. Forster & Garbus, LLP.
    21-cv-00121 (KMK)

Dear District Judge Karas:

   I am counsel for the Defendant named in the above-entitled action. Please consider this letter
to constitute Defendant's opposition to the Plaintiff's letter motion to stay discovery pending a
decision by District Judge Seibel regarding cross-motions for summary judgment in the FDCPA
action entitled *Kola v. Forster & Garbus, LLP.* For the reasons set forth below the motion should
be denied.

   Initially, I note that any decision issued by District Judge Seibel is not dispositive of the
above-entitled action as any decision will not constitute binding precedent. Notwithstanding,
District Judge Seibel has already stated that she believes that the resolution of these similar
FDCPA actions will depend upon whether or not the consumer had both the ability and intent to
pay the debt at issue. Judge Seibel recently so stated at the initial conference which occurred in
the matter of *Stoessel v. Forster & Garbus, LLP*, 21-cv-04961. The Plaintiff's attorney in the
above-entitled action was not present at the *Stoessel* initial conference so his belief as to the
standard of proof Judge Seibel will apply in the *Kola* action is meaningless.

   As I agree with District Judge Seibel's interpretation of the correct standard of proof to be
applied to these similar cases the Plaintiff should be compelled to appear for a deposition so that
I may obtain evidence to prove the Defendant's contention that the Plaintiff had no ability and/or
intent to pay when she received the letter. Furthermore, the Defendant should be able to explore
whether or not the Plaintiff even read the letter which is the subject of the above-entitled action.
A failure to read a debt collection letter deprives a consumer of Article III standing to prosecute
an FDCPA action. *Truckenbrodt v. CBE Group, Inc.*, 2020 WL 6161254, at *4-*7 (E.D.N.Y.).

Case 7:21-cv-00121-KMK-PED   Document 22   Filed 08/18/21   Page 2 of 2

2

    I have been attempting to obtain a date for the Plaintiff's deposition for months. The Plaintiff's letter motion to stay discovery of the above-entitled action is simply an attempt to avoid appearing for a deposition.

Respectfully submitted,

/ s /  *Robert L. Arleo*

Robert L. Arleo

RLA:gra
All attorneys of record via ECF
Forster & Garbus, LLP

Plaintiff's Application to stay discovery, (Dkt. No. 21), is denied.  As Defendant notes, (Dkt. No. 22), Judge Seibel's decision in a similar case—even a highly similar case—will not bind this Court, and therefore will not be "dispositive" of any issue in this case.  Moreover, Plaintiff's view as to the basis on which Judge Seibel will resolve the motion in question is entirely speculative.  Contrary to Plaintiff's suggestion, even if Judge Seibel were to resolve the motion based on evidence regarding the plaintiff's intent or ability to pay, that would not require the court to make a credibility determination that should appropriately be resolved at trial.  Finally, as Defendant also points out, whether Plaintiff actually reviewed the debt collection letter before filing this Action would be determinative regarding Article III standing.  *See Truckenbrodt v. CBE Grp., Inc.*, No. 19-CV-2870, 2020 WL 6161254, at *2 (E.D.N.Y. Oct. 21, 2020) ("The only harm [the] [p]laintiff has alleged is that the challenged letter is misleading, but since he testified that he had not read the letter at the time he filed this lawsuit, [the] [p]laintiff lacks Article III standing.").  In sum, Plaintiff has failed to persuade the Court that a stay of discovery is warranted.  The Parties shall continue litigating this case in accordance with the case management plan.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

August 25, 2021